UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSHUA LAMARK,

    Plaintiff,

    v.

NUREDIN NOORALLAH LAIWALLA, MEENA N. LAIWALA, dba ARCO AM/PM 82367, and DOES ONE through FIFTY, inclusive,

    Defendants.

    /

NO. CIV. 2:12-3034 WBS AC

MEMORANDUM AND ORDER RE: MOTION TO STAY

----oo0oo----

    Plaintiff Joshua Lamark brought this action against defendants Nuredin Noorallah Laiwalla and Meena N. Laiwala, dba Arco AM/PM 82367, as well as Does 1-50, inclusive, arising from alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., as well as various California statues, including the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq. Defendants now move to stay the action and refer the parties to early neutral evaluation pursuant to

1

California Civil Code section 55.54 and the court's equitable powers.  (Docket No. 11.)[1]

Under California law, the Construction-Related Accessibility Standards Compliance Act, Cal. Civ. Code §§ 55.51-55.54, "entitles some defendants in construction-related accessibility suits to a stay and [an early] evaluation conference for the lawsuit." O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976, 983 (E.D. Cal. 2010) (Karlton, J.) (citing Cal. Civ. Code § 55.54(b)(1)).  However, section 55.54's provisions are preempted by the ADA and cannot be applied to plaintiff's ADA claim.  See id.; Moreno v. Town & Country Liquors, No. 2:12-CV-00729 JAM KJM, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012); see also Hubbard v. SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009) ("[F]or federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law." (citation omitted)).

It further appears that all California federal courts to have considered the issue have found that, under Erie Rail Co. v. Tompkins, 304 U.S. 64 (1938), and related cases, a federal court should not apply the procedures of California Civil Code section 55.54 to supplemental state law claims either because its provisions are not outcome determinative.  See Moreno, 2012 WL 2960049, at *4; O'Campo, 758 F. Supp. 2d at 985; Oliver v. Hot Topic, Inc., 10CV1111 BEN AJB, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010); cf. Gasperini v. Ctr. for Humanities, Inc., 518

---

[1] Because oral argument would not be of material assistance, the court orders this matter submitted on the briefs pursuant to Eastern District Local Rule 230(g).  The hearing set for July 29, 2013 shall be vacated.

2

U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.").

Although the court may also stay an action under its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants", Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), defendants have not made a sufficient showing that a stay would be appropriate in this case.[2]  The court will accordingly deny defendants' motion to stay plaintiff's ADA and state law claims.

Both sides, however, appear to consent to participation in the court's Voluntary Dispute Resolution Program ("VDRP"). (Pl.'s Opp'n at 2:7-8 (Docket No. 12); Defs.' Reply at 2:22-25 (Docket No. 15).)  The court will therefore refer the parties to VDRP pursuant to the provisions of Local Rule 271.

IT IS THEREFORE ORDERED that defendants' motion to stay be, and the same hereby is, DENIED;

AND IT IS FURTHER ORDERED that pursuant to the provisions of Local Rule 271 this matter be referred the court's Voluntary Dispute Resolution Program.

///

///

---

[2] In their reply, defendants also request that the court decline to exercise supplemental jurisdiction over plaintiff's state-law claims. (Defs.' Reply at 1:27-2:2.)  Defendants present no argument as to why the state-law claims do not form part of the same case or controversy under Article III, see 28 U.S.C. § 1367(a), nor do defendants provide a specific argument as to why the court should decline to exercise jurisdiction over the state law claims, see id. § 1367(c).  Thus the court will not decline to exercise supplemental jurisdiction over plaintiff's state law claims.

3

1 | DATED:     July 25, 2013

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4