UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSHUA LAMARK,

Plaintiff,

v.

NUREDIN NOORALLAH LAIWALLA, MEENA N. LAIWALA, dba ARCO AM/PM 82367, and DOES ONE through FIFTY, inclusive,

Defendants.

CIV. NO. 12-03034 WBS AC

MEMORANDUM & ORDER RE: MOTION FOR SUMMARY JUDGMENT; MOTION TO WITHDRAW ADMISSIONS

----oo0oo----

Plaintiff Joshua Lamark, a paraplegic, brought this action against defendants Nuredin Noorallah Laiwalla and Meena N. Laiwala arising out of the physical obstacles plaintiff allegedly encountered at defendants' gas station. Plaintiff brings four disability discrimination claims under: (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("the ADA"); (2) the California Health and Safety Code, Cal. Health & Safety Code § 19955 et seq.; (3) the Unruh Civil Rights Act ("UCRA"), Cal. Civ.

Code § 51 et seq., and (4) the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 et seq. (Docket No. 1.)

Relying primarily on defendants' deemed admissions, plaintiff now moves for summary judgment or, in the alternative, summary adjudication of issues pursuant to Federal Rule of Civil Procedure 56. (Docket No. 18.) Defendants oppose the motion and move to withdraw these admissions pursuant to Federal Rule of Civil Procedure 36(b).[1] (Docket No. 25.)

I. Factual & Procedural History

Plaintiff is a paraplegic who has been confined to a wheelchair since 1999. (Decl. of Joshua Lamark ¶ 2 (Docket No. 18-9).) Defendants own and operate an ARCO gas station located at 999 Washington Boulevard in Roseville, CA. (Defs.' Statement of Genuine Disputed Issues and Fact ¶ 9 (Docket No. 25-1).) On September 30, 2011, plaintiff visited defendants' gas station to purchase gas and use the restroom. (Lamark Decl. ¶ 4.)

[1] Although defendants' motion to withdraw admissions is not presently before the court, defendants state in their opposition that they plan to file a motion to withdraw admissions and argue that the court should not rely on their deemed admissions to grant summary judgment. (Defs.' Mem. of P. & A. in Opp'n to Mot. for Summ. J. ("Opp'n") at 3-4 (Docket No. 25).)

It is widely accepted that a court may allow a party to withdraw admissions even without a formal, written motion. See, e.g., F.C. v. County of Los Angeles, No. CV 10-169 CAS (RZx), 2010 WL 5157339, at *4 (C.D. Cal. Dec. 13, 2010 (construing an "opposition as a motion to withdraw or amend . . . admissions pursuant to Fed. R. Civ. P. 36(b)"); see generally 7 Moore's Federal Practice, § 36.13 (Matthew Bender 3d ed.) ("A request to withdraw may be made orally or may be imputed from a party's actions. Courts have even found that a late response to requests for admission is equivalent to a withdrawal of a deemed admission." (citations omitted)). The court will therefore treat defendants' opposition to plaintiff's motion for summary judgment as a motion to withdraw admissions under Rule 36(b).

Plaintiff encountered numerous architectural features that allegedly interfered with his access to defendants' facilities during this visit. (Pl.'s Statement of Undisputed Facts ("Pl.'s SUF") ¶¶ 4-7 (Docket No. 18-2).) These features included: (1) the card reader at the pump was located more than 54" from the ground; (2) the accessible parking area was in disrepair, had improper signage, and failed to provide a route to the building without traversing in a vehicular way; (3) the entrance door to the building had a "paddle type" handle; (4) the main counter inside was higher than 34-36" from the ground; (5) the indoor bathroom was locked; and (6) he was directed to use a port-a-potty, which he was unable to access due to his disability. (Id.)

Plaintiff filed this action on December 11, 2012, seeking injunctive relief and attorneys' fees under the ADA and damages under state law. (Docket No. 1.) On March 21, 2013, plaintiff sent defendants a set of Requests for Admission. (Pl.'s Reqs. for Admis., Set One ("RFA") (Docket No. 18-6).) On May 2, 2013, defendants notified plaintiff that they had the gas station inspected and certified as accessible in August 2012 and requested an extension of time to respond to plaintiff's discovery request. (Opp'n Ex. B (Docket No. 25-5).) On May 8, 2013, plaintiff granted defendants a three-week extension until May 29, 2013 to respond to outstanding discovery requests. (Id. Ex. E (Docket No. 25-7).) On May 29, 2013, defendants sent plaintiff a copy of the accessibility certificate they had obtained, but did not respond to plaintiff's requests for admission. (Id. Ex. F (Docket No. 25-8).)

On June 25, 2013, defendants filed a motion to stay the case pending an early neutral evaluation conference pursuant to California Civil Code § 55.54. (Docket No. 11.) While this motion was pending, defendants requested that plaintiff voluntarily stay the case for 60 days in order to conduct mediation and attempted to schedule a joint site inspection. (Opp'n Ex. G (Docket No. 25-9).) On July 25, 2013, the same day on which the court denied defendants' motion to stay the action, (Docket No. 16), plaintiff informed defendant that he was unwilling to conduct a site inspection until he received defendants' outstanding responses to discovery (Opp'n Ex. K. (Docket No. 25-12).) Defendants responded to plaintiff's requests for admission on August 9, 2013, over three months after they were originally due. (Decl. of Michael D. Welch, ¶ 20 (Docket No. 25-2).) Although defendants denied the vast majority of these requests, plaintiff argues that the court should treat them as deemed admissions pursuant to Federal Rule of Civil Procedure 36(a) because defendants' response was untimely. (Pl.'s Mem. in Supp. of Mot. for Summ. J ("Pl.'s Mem. in Supp.") 3:16-24 (Docket No. 18).)

On August 28, 2013, plaintiff filed this motion for summary judgment. (See id.) Plaintiff's motion relies on three items of evidence: (1) a declaration from plaintiff describing the architectural barriers he allegedly encountered at defendants' ARCO station (see Lamark Decl.); (2) a declaration from plaintiff's counsel noting that defendants failed to respond timely to plaintiff's requests for admission (see Decl. of Jason K. Singleton (Docket No. 18-3)); and (3) plaintiff's requests for

admission. (See RFA ¶¶ 1-21.) These admissions include: (1) that there is "no basis in fact" to eight of defendants' affirmative defenses (RFA ¶¶ 1-8); (2) that there are "unfulfilled access obligations" on defendants' property (id. ¶¶ 9-18); and (3) that the structural modifications plaintiff seeks are "readily achievable." (Id. ¶ 20.) Defendants argue that there are no continuing barriers to access at their gas station and request that the court permit them to withdraw their admissions pursuant to Federal Rule of Civil Procedure 36(b). (Opp'n 2-5.)

II. Motion to Withdraw Admissions

A. Rule 36

Rule 36 provides that a "matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36 is "self-executing," and no motion is required to establish a deemed admission. Fed. Trade Comm'n v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Defendants do not dispute that they failed to respond timely to plaintiff's request for admissions. Defendants nonetheless argue that they should be permitted to withdraw these deemed admissions pursuant to Rule 36(b). (Opp'n 3-4.) Rule 36(b) authorizes the court to allow a party to withdraw or amend

admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Because Rule 36(b) is "permissive, not mandatory," the court may refuse to allow a party to withdraw admissions even if these conditions are satisfied. Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). Here, plaintiff's motion for summary judgment almost entirely "turn[s] on admissions made by plaintiff during discovery." Conlon, 474 F.3d at 622. Plaintiff relies solely on deemed admissions to show that there were unfulfilled access obligations on defendants' property, that the architectural modifications plaintiff sought were readily achievable, and that there is "no basis in fact" for eight separate affirmative defenses. (See Pl.'s SUF ¶¶ 14-27.) Because these admissions "go directly to the ultimate questions at issue in this case," upholding them would obviate any presentation of plaintiff's case on the merits. Kirk v. Richards, No. CIV S-10-0373 GEB CKD, 2011 WL 4374999, at *3 (E. D. Cal. Sept. 19, 2011).

Plaintiff has also not demonstrated that he would be prejudiced by withdrawal of these admissions. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder

of its truth. Rather, it relates to the difficulty a party may face in proving its case . . . with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348 (citation and internal quotation marks omitted). Plaintiff's tactical choice to rely solely on defendants' deemed admissions in lieu of conducting additional discovery is insufficient to show that he would be prejudiced by withdrawal. See Conlon, 474 F.3d at 622 (noting that, as a general rule, neither a "lack of discovery" nor "reliance on a deemed admission in preparing a summary judgment motion" constitute prejudice under Rule 36(b)). Plaintiff's allegations of prejudice are particularly unpersuasive because the requested admissions simply reiterate allegations that the defendants previously denied by answer. Cf. Lyons v. Santero, No. CV 07-02773-MMM (VBK), 2011 WL 3353890, at *3 (C.D. Cal. May 11, 2011) ("It would be difficult for Defendants to contend they were prejudiced because Plaintiff failed to timely respond to requests asking him to admit that the allegations in his Complaint are untrue.").

Although defendants satisfy both requirements of Rule 36(b), it does not automatically follow that they should be allowed to withdraw their admissions. "[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay . . . and appears to have a strong case on the merits." Conlon, 474 F.3d at 625.

On the one hand, defendants do not offer a compelling justification for their failure to respond timely to plaintiff's

request for admissions. After plaintiff served his request for admissions on March 21, 2013, defendants failed to respond until August 9, 2013, even though they filed a motion to stay the action and corresponded extensively with plaintiff's counsel in the interim. (See Welch Decl. ¶¶ 6-21.) Moreover, although plaintiff granted defendants a three-week extension of time to file a response on May 9, 2013 – several weeks after the responses were initially due – defendants did not file a response until three months later. (See Singleton Decl. ¶¶ 7-8.) At no point do defendants offer a persuasive reason for their failure to file within that three-week window.

On the other hand, denying defendants' motion to withdraw would undermine "the public policy favoring the disposition of cases on their merits rather than on technical violations of procedural rules . . . ." Doctors Med. Ctr. of Modesto, Inc. v. Principal Life Ins. Co., No. 1:10-cv-00452-LJO-SKO, 2011 WL 831421, at *3 (E.D. Cal. Mar. 3, 2011). Because the admissions go to ultimate issues of liability, denying defendants' motion to withdraw admissions would functionally decide the case in plaintiff's favor, even though plaintiff offers almost no other evidence in support of his claims. (See generally Pl.'s SUF.) In so doing, it would reward plaintiff for propounding these requests for admission "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements that the party has already denied in its answer . . . ." Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir. 2002). Accordingly, the court finds that defendants have satisfied the requirements for withdrawing admissions under

Rule 36.

B. Relief Conditioned on Sanctions

While denying defendants' motion to withdraw admissions would effectively impose the "severe sanction of ordering a matter admitted" based on what is essentially a discovery dispute, see Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981), granting this motion without additional penalties presents the opposite problem, as it "tacitly implies that a[n] . . . attorney's failure to abide by the rules of practice is of little or no consequence." Doctors Med. Ctr., 2011 WL 831421, at *3.

Judges in this district have resolved this dilemma by requiring a party who is allowed to withdraw admissions to pay a sanction to the opposing party to compensate for the expense caused by that party's failure to respond timely to those requests for admission. See, e.g., Doctors Med. Ctr., 2011 WL 831421, at *8 (ordering a party seeking to withdraw its admissions to pay the opposing party's costs of filing a motion to have those admissions deemed admitted); Mid Valley Bank v. N. Valley Bank, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991) (Karlton, J.) (ordering a party withdrawing admissions to pay for the reasonable cost of preparing the opposition for the motion to withdraw admissions).

Accordingly, the court will grant defendants' motion to withdraw admissions only on the condition that defendants compensate plaintiff for the attorney's fees and costs of preparing his Motion for Summary Judgment.

III. Motion for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must

view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

A. Americans with Disabilities Act

The ADA prohibits discrimination against any individual on the basis of disability in any place of public accommodation. 42 U.S.C. § 12182(a). The ADA specifically prohibits any person who owns, leases, or operates a place of public accommodation from "fail[ing] to remove architectural barriers" in existing facilities "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

In order to establish liability under the ADA, "a plaintiff must prove that: (1) plaintiff is disabled; (2) defendants' [facility] is a place of public accommodation; (3) plaintiff was denied full and equal treatment because of her disability; (4) defendants' [facility] has an architectural barrier; and (5) it is "readily achievable" for the architectural barrier to be removed." Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (citing Parr v. L&L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); see also Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 944-945 (9th Cir. 2011).

Summary judgment is not warranted here because plaintiff provides no evidence that the removal of the architectural barriers at defendants' gas station was readily achievable. See Wilson v. Pier 1 Imps. (U.S.), Inc., 439 F.

Supp. 2d 1054, 1067 (E.D. Cal. 2006) (Karlton, J.) ("The presence of structures or other obstacles which do not meet the ADAAG standards does not alone make a prima facie ADA violation . . . because they must also show that the barrier removal is readily achievable." (citing 36 C.F.R. Pt. 36.304)). Plaintiff relies only on defendants' deemed admission that there is "no basis in fact" to their affirmative defenses that removal of these barriers was not required by law, structurally impracticable, and not readily achievable as per the ADA. (See Pl.'s SUF ¶¶ 14-16.) Because the court has granted defendants' motion to withdraw these admissions, plaintiff is left with no other evidence showing that the removal of these barriers was readily achievable. He therefore cannot show that he is entitled to judgment on his ADA claim as a matter of law. See Fed. R. Civ. P. 56(a).

Moreover, even if plaintiff could show that removal of these barriers was readily achievable, he would not be entitled to summary judgment on his ADA claim because the parties dispute whether these architectural barriers still exist and whether plaintiff's claims for injunctive relief under the ADA are now moot. See Johnson v. Cal. Welding Supply, Inc., No. CIV. 2:11-01669 WBS GGH, 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011) ("Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and . . . the court no longer has subject matter jurisdiction over the ADA claims." (citing Grove, 407 F. Supp. 2d at 1130-31)).

Plaintiff has not provided evidence that he conducted a site inspection or any other evidence showing that there are

continuing architectural barriers on defendants' property. By contrast, defendants note that they had the premises inspected and certified as accessible on August 24, 2012 by Troy Millburn, a Certified Access Specialist. (See Opp'n Exs. A-B (Docket Nos. 25-3, 25-4).) Even if this is not conclusive proof that that there are no remaining barriers to access on defendants' property, it is sufficient to create "a triable issue of fact . . . as to whether barriers to access remain[]" at defendants' gas station. Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (Shubb, J.). Accordingly, the court must deny plaintiff's motion for summary judgment on his ADA claim.

B. California Health & Safety Code § 19955

Section 19955 of the California Health & Safety Code requires all public accommodations adhere to the provisions of Sections 4450 through 4461 of the California Government Code. Cal. Health & Safety Code § 19955(a). Section 4450 authorizes the State Architect to develop and submit building standards to ensure that all buildings and facilities "shall be accessible to and usable by persons with disabilities." Cal. Gov. Code § 4450. Although a plaintiff can obtain injunctive relief to remedy a violation of Section 19955, see Cal. Civ. Code § 55, the statute "does not authorize an action for damages." Botosan v. Fitzhugh, 13 F. Supp. 2d 1047, 1052 (S.D. Cal. 1998) (citing Donald v. Cafe Royale, Inc., 218 Cal. App. 3d 168, 183 (1st Dist. 1990)). As explained above, the continued existence of architectural barriers to access at defendants' ARCO gas station is a factual question that remains in dispute. Accordingly, the court must

deny plaintiff's motion for summary judgment on his Section 19955 claim.

C. Unruh Civil Rights Act

The UCRA provides, in relevant part, that every person is "entitled to the full and equal accommodations, advantages, privileges, or services in all business establishments of every kind whatsoever" notwithstanding his or her disability. Cal. Civ. Code § 51(b). "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51" is liable under the UCRA for damages and attorney's fees. Id. § 52. Any violation of the ADA is also a violation of UCRA. Id. § 51(f).

In order to recover under UCRA for a violation of the ADA, a plaintiff need not show that he suffered intentional discrimination. Munson v. Del Taco, Inc., 46 Cal. 4th 661, 665 (2009). However, "[t]o the extent [p]laintiff seeks to make an Unruh Act claim separate from an ADA claim, she must allege intentional discrimination." Wilkins-Jones v. County of Alameda, 859 F. Supp. 2d 1039, 1051 (N.D. Cal. 2012) (citations omitted); Munson, 46 Cal. 4th at 668 ("[A] plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination . . . ." (citations and internal quotation marks omitted)). Plaintiff has neither shown a violation of the ADA nor offered any evidence that defendants intentionally discriminated against him. Accordingly, the court must deny plaintiff's motion for summary judgment on his UCRA claim.

D. California Disabled Persons Act

The CDPA provides that "individuals with disabilities

shall be entitled to full and equal access . . . to . . . places of public accommodation," Cal. Civ. Code § 54.1. The CDPA also provides a private right of action whereby individuals who are denied admission to or enjoyment of public facilities can recover damages and attorney's fees. Cal. Civ. Code. § 54.3.

However, "a structural impediment does not violate the [CDPA] unless the impediment also violates a structural access standard." Hankins v. El Torito Rests., 63 Cal. App. 4th 510, 522 (1st Dist. 1998). The CDPA "does not impose an affirmative duty to eliminate access barriers except as required by specific building standards." Californians for Disability Rights v. Mervyn's LLC, 165 Cal. App. 4th 571, 587 (1st Dist. 2008) (citing Marsh v. Edwards Theatres Circuit, Inc., 64 Cal. App. 3d 881 (2d Dist. 1976) (emphasis in original)). Those standards, not "the [C]DPA's general guarantee of full and equal access," determine defendants' liability under the CPDA. Id.[2]

Although plaintiff asserts that the architectural barriers he allegedly encountered "violate California Title 24 and federal ADAAG standards," he cites no specific statute or regulation that these alleged barriers violate. (See Pl.'s Mem. in Supp. 5:24-25.) His failure to do so precludes the court from granting summary judgment on his CDPA claim. See, e.g., Eiden v.

[2] By contrast, a CDPA claim that is based on "the policy of the proprietor of a public accommodation rather than the design of the accommodation itself" is governed by the open-ended standard of "full and equal access." Hankins, 63 Cal. App. 4th at 522 (emphasis in original). Because plaintiff does not claim that defendants had a policy that discriminated against disabled individuals, the court need not consider whether plaintiff is entitled to summary judgment based on this standard.

Home Depot USA, Inc., No. CIV. 04-977 LMK CMK, 2006 WL 1490418, at *11 (E.D. Cal. May 26, 2006) (granting summary judgment in defendant's favor because plaintiff had failed to cite an applicable section of the ADAAG in support of his claim that a lack of directional signage constituted a violation of the ADA); accord Celotex, 477 U.S. at 323 (noting that the moving party "[a]lways bears the initial responsibility of informing the district court of the basis for its motion").

Plaintiff's failure to cite federal or state building standards is especially problematic because the violations he describes are insufficiently specific for the court to conclude that defendants violated any applicable regulations. See, e.g., Johnson v. Kriplani, No. CIV. 2:06-02054 JAM GGH, 2008 WL 2620378, at *5 (E.D. Cal. Jul. 2, 2008) (noting that plaintiff's failure to specify the size of the pothole he described as a barrier to access "puts the court in the position of having to guess whether the . . . route of travel prevented access" and failed to show a violation of the ADA). Even plaintiff's two most specific claims, that the card reader was "higher than 54 [inches]" off the ground, (Lamark Decl. ¶ 5), and that the indoor counter was "much higher than 34-36 [inches]", (id. ¶ 7), fail to identify the exact height of the barriers he encountered. This omission is especially glaring in the context of a CDPA claim, where "the difference between compliance and noncompliance with the standard of full and equal enjoyment . . . is often a matter of inches." Chapman, 631 F.3d at 946.

Given plaintiff's inability to cite any applicable regulation or describe any specific violation thereof, the court

cannot conclude that plaintiff has adequately "informed the district court of the basis for [his] motion." Celotex, 477 U.S. at 323. Accordingly, the court must deny plaintiff's motion for summary judgment on his CDPA claim.

IT IS THEREFORE ORDERED THAT:

(1) defendants' motion to withdraw admissions be, and the same hereby is, GRANTED;

(2) plaintiff's motion for summary judgment be, and the same hereby is, DENIED.

Plaintiff shall file with the court no later than October 18, 2013 a declaration stating and itemizing the attorney's fees and costs incurred in the preparation and presentment of his Motion for Summary Judgment. Defendants shall file their objections, if any, no later than October 25, 2013. The parties are admonished to comply with the relevant provisions of Local Rules 292 and 293 in making such filings. The court will thereupon determine the amount of costs and fees owing in a separate order. The granting of leave to withdraw defendants' admissions and the denial of plaintiff's motion for summary judgment is conditioned upon defendants paying plaintiff the costs and attorney's fees as determined within 10 days from the date of that Order.

Dated: October 15, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE